IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/02/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

PAULINE JENNIFER PEART,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE;
TODD LYONS, Acting Director, ICE;
MARKWAYNE MULLIN, Secretary, DHS; and
TODD BLANCHE, Acting Attorney General,

Respondents.

Case No. 26-3273-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of the United Kingdom who was admitted to the United States in 1985. Petitioner was detained by immigration officials on December 17, 2025, and removal proceedings were initiated. On March 9, 2026, an immigration judge (IJ) denied petitioner's request for release on bond, finding that petitioner was a danger to the community. On March 24, 2026, the IJ ordered petitioner's removal; on April 13, 2026, petitioner appealed that order to the Board of Immigration Appeals (BIA), and that appeal remains pending. On July 31, 2026, petitioner filed the instant habeas action; respondents

have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

In her first claim, petitioner asserts that she has been detained beyond the removal period set by 8 U.S.C. § 1231(a) (during which time detention is mandatory).[1] Petitioner's removal period under that statute has not yet begun, however, as she has appealed to the BIA and therefore her removal order has not become administratively final. *See id.* § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a). Thus, petitioner is not being detained pursuant to Section 1231, and this claim therefore fails.[2]

Petitioner also claims in her petition that her mandatory detention while her BIA appeal is pending has become unreasonably prolonged in violation of due process. Respondents state in response that petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c), but that she is actually being detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond, *see id.* – as evidenced by the fact that petitioner did receive a hearing on the merits of her request for release on bond. In her reply brief, petitioner complains that an initial bond denial by an IJ should not necessarily mandate her detention for the duration of her BIA appeal. Petitioner has not addressed the fact, however, that the applicable regulations permit a subsequent bond request based on changed circumstances, *see* 8 C.F.R. § 1003.19(e); nor has petitioner alleged that any request for a subsequent bond hearing has been wrongfully denied. Petitioner has not cited

---

[1] Petitioner's citation to 8 U.S.C. § 1281(a) appears to be a typographical error, as Section 1231(a) defines the removal period, and Section 1281(a), relating to aliens serving as crew members on vessels, is not relevant here.

[2] In addition, petitioner appears to have abandoned this claim in her reply.

any authority or otherwise supported any claim that her detention under Section 1226(a), with the availability of a bond hearing, violates due process. Indeed, in cases in which this Court has determined that an immigration detention has become unreasonably prolonged, it has ordered a bond hearing as relief, *see, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.); but such relief is already available to petitioner, and she has not shown that she is entitled to outright release. Nor has petitioner shown that her detention no longer serves the legitimate purpose of securing her removal. The Court therefore denies petitioner's due process claim.

Finally, petitioner lists "conditions of confinement" as a ground for relief in her petition, although it is not clear whether she is asserting a separate claim challenging the conditions of her confinement or whether she is citing such conditions in support of her due process claim. Petitioner has not addressed such a claim in her reply brief. At any rate, a claim concerning the conditions of confinement is not properly addressed in a habeas action, *see Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011), and the Court therefore denies any such separate claim asserted by petitioner.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge